# Court of Appeals
## Tenth Appellate District of Texas

10-25-00027-CR
10-25-00028-CR

Nico Quint,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
52nd District Court of Coryell County, Texas
Judge Trent D. Farrell, presiding
Trial Court Cause Nos. 21-26956, 22-27189

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

On December 20, 2021, pursuant to a plea bargain agreement, Nico Quint pled guilty to the third-degree felony offense of assault family violence by occlusion in cause number 21-26956. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). The trial court deferred an adjudication of guilt and placed Quint on deferred adjudication community supervision for three years. On June 1, 2022, pursuant to a plea bargain agreement in cause number 22-27189,

Quint pled guilty to the third-degree felony offense of deadly conduct by discharging a firearm.  *See id.* at § 22.05(b).  The trial court found him guilty, but suspended his sentence and placed him on community supervision for a term of ten years.

On March 20, 2023, the State filed a motion to adjudicate and revoke Quint's community supervision in cause number 21-26956 and a motion to revoke his community supervision in cause number 22-27189.  The trial court subsequently held a consolidated hearing on the State's motions.  At the hearing, Quint pled "true" to all of the State's allegations in each motion. After a contested hearing on punishment, the trial court sentenced Quint to three years in prison in cause number 21-26956 and to seven years in prison in cause number 22-27189, to run concurrently.  These appeals followed.

Quint's appointed appellate counsel has now filed motions to withdraw and *Anders* briefs in support of the motions in each case, asserting that he has diligently reviewed the appellate record and that, in his opinion, both appeals are frivolous.  *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Counsel's briefs demonstrate a professional evaluation of the record for error and compliance with the other duties of appointed counsel.  As such, we conclude that counsel has performed the duties required of appointed counsel.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *High v.*

*State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). By letter, we informed Quint of his right to review the appellate record and to file a *pro se* response. Quint did not file a response.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S. Ct. 1895, 1902, 100 L. Ed. 2d 440 (1988). After a review of the entire record in these appeals, we conclude that they are wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, we affirm the trial court's judgments in each case. Counsel's motions to withdraw from representation of Quint are granted.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  July 3, 2025

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Harris
Affirmed; Motions granted
Do not publish
CR25

